IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRETT TRAGESER, SR. | No. 4:21-CV-01978 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

MEMORANDUM OPINION

MARCH 9, 2022

Petitioner Brett Trageser, Sr., an inmate confined at the Federal Correctional Institution, Schuylkill, in Minersville, Pennsylvania, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserts that, due to a change in sentencing law, he no longer qualifies as a Career Offender and should be resentenced without this enhancement. The Court will dismiss Trageser's petition for lack of jurisdiction.

I. BACKGROUND

Trageser is currently serving a 156-month sentence after pleading guilty to conspiracy to distribute and possess with intent to distribute 400 grams and more of Fentanyl.[1] According to Trageser, when he was sentenced in 2019, he was determined to be a "Career Offender" under the United States Sentencing

---

[1] *United States v. Trageser*, No. 1:17-CR-225-07, Doc. 306 (M.D. Pa. Nov. 7, 2019).

Commission Guidelines Manual, which designation increased his federal sentencing guidelines.²

Trageser did not appeal his conviction or sentence, nor did he file a motion to collaterally attack his sentence under 28 U.S.C. § 2255 with the sentencing court. Instead, he filed the instant Section 2241 petition in November 2021 in this Court, seeking to have his sentence vacated and his case remanded to the sentencing court for resentencing without the Career Offender enhancement.³ Because "it plainly appears from the petition" that Trageser "is not entitled to relief," the Court must dismiss his petition.⁴

## II. DISCUSSION

Trageser contends that the United States Court of Appeals for the Third Circuit's decision in *United States v. Nasir*⁵ renders him incapable of being designated a Career Offender under Section 4B1.1 of the Guidelines.⁶ In *Nasir*, the Third Circuit—in an *en banc* decision—held that inchoate crimes do not qualify as "controlled substance offenses" as defined in U.S.S.G. § 4B1.2(b).⁷ Trageser argues that, after *Nasir,* his offense of conviction—conspiracy to distribute and

---

2   *See generally* U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (hereinafter, "Guidelines" or "U.S.S.G.").
3   *See generally* Doc. 1.
4   *See* 28 U.S.C. § 2254 Rule 4; 28 U.S.C. § 2254 Rule 1(b) (permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions).
5   17 F.4th 459 (3d Cir. 2021).
6   *See* Doc. 1 at 7.
7   *Nasir*, 17 F.4th at 472.

possess with intent to distribute Fentanyl—is an inchoate crime that is not a "controlled substance offense" and thus he cannot be deemed to be a Career Offender under the requirements of Section 4B1.1(a)(2).

The Court need not delve into the merits of Trageser's argument regarding his Career Offender classification. That is because he cannot use Section 2241 to collaterally attack his sentence under the circumstances he presents.

Generally, the presumptive method for bringing a collateral challenge to the validity of federal sentence is a motion to vacate pursuant to 28 U.S.C. § 2255.[8] Only in the rare circumstance where a Section 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention" can a federal prisoner proceed under Section 2241 instead of Section 2255.[9] The Third Circuit has explained that this "safety valve" provision in Section 2255(e) only applies when an intervening change in controlling, substantive law renders the petitioner's prior conduct noncriminal.[10] Stated differently, Section 2255(e) permits a petitioner to resort to Section 2241 when the petitioner "had no earlier opportunity to challenge" a conviction for a crime "that an intervening change in substantive law may negate."[11]

---

[8]  *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted).
[9]  28 U.S.C. § 2255(e) (sometimes referred to as the "safety valve" provision); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).
[10] *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 179-80 (3d Cir. 2017).
[11] *Id.* at 180 (quoting *Dorsainvil*, 119 F.3d at 251).

Here, Trageser does not meet the stringent requirements of Section 2255(e). He does not assert that an intervening change in substantive law has made his crime of conviction noncriminal. Rather, he asserts that his crime of conviction is no longer a "controlled substance offense" under the Career Offender Guideline. This type of challenge cannot proceed under Section 2241.[12] Accordingly, the Court must dismiss Trageser's Section 2241 petition for lack of jurisdiction.[13]

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss Trageser's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[12] *See Okereke*, 307 F.3d at 120-21 (holding that intervening change in sentencing law did not render crime of conviction noncriminal and thus petitioner could not challenge his sentence under Section 2241); *Scott v. Shartle*, 574 F. App'x 152, 155 (3d Cir. 2014) (nonprecedential) (explaining that challenge to career offender designation was not equivalent to claiming innocence of predicate offense and thus petitioner could not proceed under Section 2241).

[13] *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538, 539 (3d Cir. 2002).